## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

LARRY ARMSTEAD DIXON,                    *

        Petitioner,                    *

                                   CASE NO. 5:06-CV-208 WDO

VS.                    *                    28 U.S.C. § 2255

                                   CASE NO. 5:93-CR-77 WDO

UNITED STATES OF AMERICA,                    *

        Respondent.                    *

## REPORT AND RECOMMENDATION

      Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

      Indictment was returned in this court on December 3, 1993, charging Petitioner Dixon with Possession of A Stolen Firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e). (R-1).   On January 31, 1994, Petitioner Dixon entered into a Plea Agreement with the Government and entered a plea guilty to the offense charged. (R-13, 14).   Subsequent to the report of a Pre-Sentence Investigation (PSI), Dixon was sentenced to serve a term of imprisonment of 250 months, Judgment being entered on April 29, 1994.  (R-17).  Petitioner Dixon appealed his sentence to the Eleventh Circuit Court of Appeals which affirmed the district court on December 27, 1995.[1]  Petitioner did not apply for *writ of certiorari* from the

---

[1] *United States v. Dixon,* 71 F.3d 380 (11th Cir. 1995).

United States Supreme Court.  Therefore, his sentence became final on March 27, 1996. *See*

*Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003)(for federal criminal defendants

who do not file for certiorari with the Supreme Court on direct review, § 2255's one-year

limitation period starts to run when the time for seeking such review expires).  Petitioner

Dixon filed the present Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to

28 U.S.C.§ 2255 on June 23, 2006.  (R-21).

### Petitioner's Claims

_____Petitioner's posits as his Ground One, "Whether Petitioner's 28 U.S.C. § 2255

Petition Should Be Decided On Its Merits Despite AEDPA's One-Year Limitation." This is

not a claim for any of the basis for relief enumerated in 28 U.S.C. § 2255 ¶ 1.  Rather, this

is an argument anticipating a finding that Petitioner's conviction and sentence which were

finalized on March 27, 1996, would be found to be barred by the AEDPA's one-year statute

of limitations.   In the Argument section of his Memorandum (R-22 at 5), "Petitioner

acknowledges that the law and various court decisions addressing the issue 'whether the

AEDPA applies to convictions which had become final prior to AEDPA's effective date',

and those courts have held that the AEDPA applies, and for those convicted prior to

AEDPA's efffective date, their 28 U.S.C. § 2255's must be filed within one-year of April 26,

1996."  Petitioner is correct. While his sentence became final on March 27, 1996, the

effective date of the AEDPA extended his time to file a Motion To Vacate, Set Aside, or

Correct his Sentence Pursuant to 28 U.S.C.§ 2255 until April 25, 1997.  *See Wilcox v.*

*Florida Dep't of Corrections,* 158 F.3d 1209 (11th Cir. 1998); *Goodman v. United States,* 151

2

F.3d 1335 (11th Cir. 1998); and , *Moore v. Campbell,* 344 F.3d 1313 (11th Cir. 2003), for a sampling.  In *Kaufmann v. United States,* 282 F.3d 1336, 1337 (11th Cir. 2002), the Court observed, "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, *inter alia,* that a habeas petition *may not be filed* more than one year from 'the date on which the judgment becomes *final.* ' 28 U.S.C. § 2255(1) (emphasis added).*"*

More than nine (9) <u>years</u> have elapsed since the extended period of the AEDPA's statute of limitations for cases like Petitioner's expired on April 25, 1997, before Petitioner filed on June 23, 2006, his present § 2255 Motion, which he states in the same paragraph of his Memorandum to be his "first and only 28 U.S.C. § 2255 petition." Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 is time barred unless there is some claim permitted by § 2255 which re-set Petitioner's one-year AEDPA limitations clock, or an allowable claim which is actually outside of § 2255 procedure.

As his Ground II, Petitioner posits:

> Whether the Supreme Court's decision in *Shepard v. United States,* 161 L.Ed. 2d 205 (2005), announced a new rule that must be given retroactive effect.

In its ANSWER IN OPPOSITION TO PETITIONER'S MOTIONS (R-26), the Government shows persuasively that the *Shepard* decision, whether retroactively applicable to Petitioner's case or not, is not in conflict with the Petitioner's conviction and sentence.  Notwithstanding the Government's position,  Petitioner's Motion in regard to the *Shepard* decision is time-barred and can not be entertained by this court.  Paragraph 6 of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this

3

section. The limitation period shall run from the latest of– **(1)** the date on which the judgment of conviction becomes final; **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For the purposes of his § 2255 Motion, Petitioner Dixon mistakenly assumes the benefit of § 2255, 6(3), to wit., that the Supreme Court in *Shepard* extended him a newly recognized right and thereby re-set his one-year AEDPA period of limitation. Even if a newly recognized and retroactive right was afforded by the *Shepard* decision, Petitioner failed to act timely upon it. "For the purposes of a newly recognized right under 28 U.S.C. § 2255 ¶ 6(3), the one-year statute of limitations begins to run on the date the Supreme Court *initially* recognizes the right." *Dodd v. United States,* 365 F.3d 1273, 1278, 1284 (11th Cir. 2004). The Supreme Court granted *certiorari in* the *Dodd* case, affirmed the District Court, and clarified that:

What Congress has said in ¶ 6(3) is clear: an applicant has one year from the date on which the right he asserts was initially recognized by this Court. . . .
Paragraph 6(3) of § 2255 identifies *one date and one date only* as the date from which the 1-year limitation period runs: "the date on which the right asserted was initially recognized by the Supreme Court." . . . (the second clause of ¶ 6(3)) – "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" – imposes

4

> a condition on the application of this subsection.   . . .   That
> means that ¶ 6(3)'s date – the date on which the right asserted
> was initially recognized by the Supreme Court" – does not
> apply at all if the conditions in the second clause – the right "has
> been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review" – have
> not been satisfied.   As long as the conditions in the second
> clause are satisfied so that ¶ 6(3) applies in the first place, that
> clause has no impact whatsoever on the date from which the 1-
> year limitation period in ¶ 6(3) begins to run.  Thus, if this Court
> decides a case recognizing a new right, a federal prisoner
> seeking to assert that right will have one year from this Court's
> decision within which to file his § 2255 motion.

*Dodd v. United States,* 545 U.S. 353, 125 S.Ct. 2478*, at 2482.   Shepard v. United States,*

125 S.Ct. 1254, 161 L.Ed. 2d 205 (2005), was decided by the United States Supreme Court

on March 7, 2005, marking, by *Dodd*, the Supreme Court's new recognition of the "right"

upon which Petitioner Dixon wishes to rely.  However, Petitioner did not take advantage of

the re-set of his AEDPA one-year limitation provided by § 2255, ¶ 6(3).  He did not file his

Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 until

June 23, 2006, more than fifteen months after the *Shepard* decision, and more three months

after the expiration the § 2255, 6(3)  re-set period of limitations.  Petitioner's Ground II is

time-barred.

As his Ground III, Petitioner Dixon posits:

> Whether the November 1, 2003 amendment to the United States
> Sentencing Guidelines, Amendment 660, when applied to
> Petitioner's case requires a reduction of the 250 month term of
> imprisonment by the total amount of time previously served by
> Petitioner in the State of Georgia for related cases.

This ground does not present a § 2255 claim, but amounts to a Motion For Reduction

Of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).   A § 3582(c)(2) Motion is not a civil post-conviction action subject to procedural bar or statute of limitation, but is rather a continuation of the Defendant's criminal case, inasmuch as § 3582 refers to the statutes and rules governing the imposition and subsequent modification of a sentence of imprisonment. Specifically, Section 3582(c)(2) allows for the modification of a defendant's sentence based on changes in the sentencing guidelines subsequent to the date of his sentence. *United States v. Fair,* 326 F.3d 1317, (11th Cir. 2003).

At the same time, Title 18 U.S.C. § 3582, provides:

> (c)  The court may not modify a term of imprisonment once it has been imposed except that  –
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"For a sentence to be reduced retroactively under § 3582(c)(2), a court must determine whether there has been an amendment to the Sentencing Guidelines that has lowered the guideline range applicable to that sentence **and** is listed under § 1B1.10(c).  (emphasis added).   U.S.S.G. § 1B1.1 provides:

> (a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18

U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment is under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

Amendment 660, effective November 1, 2003, addresses issues in U.S.S.G. § 5G1.3 relative to the imposition of a sentence on a defendant subject to an undischarged term or imprisonment. However, the U.S. Sentencing Guideline Commission did not see fit to include Amendment 660 among those amendments intended to be employed retroactively in U.S.S.G. § 1B1.10(c). "[F]or a sentence to be reduced retroactively under § 3582(c)(2), a court must determine whether there has been an amendment to the Sentencing Guidelines that has lowered the guideline range applicable to that sentence and is listed under § 1B1.10(c)." *United States v. Armstrong,* 347 F.3d 905, 907 (11th Cir. 2003). Therefore, further consideration of Petitioner Dixon's sentence pursuant to Amendment 660 is unauthorized, whether or not it might have any effect on his sentence. For that reason, Petitioner's Ground III should be denied.

Petitioner asserts in his Motion, as his **Ground IV**, "Ineffective Assistance of both trial and appellate Counsel. His Memorandum in support of his Motion reads as follows:

Petitioner Received Constitutionally Deficient Representation in Violation of the Sixth Amendment's Right to be Represented by Competent Counsel . . . No Procedural Default can Preclude . . . the Reduction of the 250 month term of Imprisonment . . .

This claim is a general ineffective assistance of counsel counsel claim, the subject matter of which is immaterial, because the AEDPA statute of limitations ran out on such a claim, as calculated heretofore, on April 25, 1997, on year after the effective date of the

7

AEDPA with its one-year statute of limitations. *See Wilcox v. Florida Dep't of Corrections,* 158 F.3d 1209 (11th Cir. 1998); *Goodman v. United States,* 151 F.3d 1335 (11th Cir. 1998); and , *Moore v. Campbell,* 344 F.3d 1313 (11th Cir. 2003). Petitioner's ineffective assistance of counsel claims fall under no exception to the one-year statute of limitations of the AEDPA, and are, therefore, also time-barred.

WHEREFORE, IT IS RECOMMENDED for all of the foregoing reasons that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 25th day of September 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE